IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**WILLIAM F. KEMP, JR.,**  CASE NO. 3:24 CV 572

    Plaintiff,  JUDGE JAMES R. KNEPP II

    v.

**PRESIDENT OF THE UNITED STATES JOSEPH BIDEN,**

                                               **MEMORANDUM OPINION AND**
    Defendant.  **ORDER**

*Pro se* Plaintiff William F. Kemp, Jr. filed this action against the President of the United States Joseph Biden. (Doc. 1). Plaintiff disagrees with President Biden's immigration policy, and the Democratic Party's political platform on immigration. *See id.* at 1-2. He contends the President is guilty of treason, giving aid and comfort to the enemy, and interfering with the lawful election process. *Id.* He asks the Court to prevent illegal immigrants from voting, order the arrest and prosecution of the President of the United States, order the return of "stolen tax dollars" to the people of the United States, give aid earmarked for immigrants to United States citizens, reduce all constitutional term limits to two years, order that no retirement funds be paid to politicians, conduct an extensive investigation into the taxes and incomes of all career politicians, order the President "and all career Democrats" to pay punitive damages, and order that social media outlets allow users to post negative comments about the Biden administration. *Id.* at 2-3.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

As an initial matter, Plaintiff has not invoked this Court's subject matter jurisdiction. His Complaint does not contain any factual allegations and is completely devoid of legal claims. Instead, it is composed entirely of political rhetoric that expresses Plaintiff's general disagreement with the Democratic party's platform on immigration. Simply stated, he does not approve of tax dollars being used to support programs with which he does not agree.

Federal Court jurisdiction, however, is limited to actual "Cases" and "Controversies." U.S. Const., Art. III. A controlling factor in the definition of "Cases" and "Controversies" is the doctrine of standing. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*,

454 U.S. 464, 471 (1982). Because standing to bring a case is a core element of federal jurisdiction, the Court is obligated to address a party's lack of standing prior to considering the merits of a case. *See Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 983 (6th Cir. 2012). The standing doctrine requires three things of a plaintiff: (1) an actual, concrete, particular, injury-in-fact; (2) which can be fairly traced to the challenged action of the defendant; and (3) that has a likelihood, as opposed to mere speculation, that it will be redressed by a favorable decision by this Court. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, (1992).

A federal taxpayer's interest in seeing that United States Treasury funds are spent in accordance with his or her political ideation is too attenuated to give rise to the kind of redressable "personal injury" required for Article III standing. *See Arizona Christian Sch. Tuition Org. v. Winn,* 563 U.S. 125 (2011); *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 588-89 (2007). The party who invokes the power of the federal courts must be able to show not only that a particular statute or action is invalid but that he personally sustained or is in imminent danger of sustaining some direct injury as a result of its enforcement. *Doremus v. Board of Ed. of Hawthorne*, 342 U.S. 429, 434 (1952). It is not sufficient to allege merely that he suffers in some indefinite way in common with the population in general. *Id.* If the plaintiff lacks any direct and specific interest in the suit, a decision on the merits of the claims would be merely "advisory" and there would be no case or controversy subject to judicial resolution under Article III.

Here, Plaintiff lacks any direct or specific interest in the issue raised in the Complaint. Rather, he is relying solely on taxpayer status to bring the suit. This is not enough to establish standing. Even if it were, however, Plaintiff's particular claim would not likely be redressed by a decision in his favor. Plaintiff appears to claim as his injury that he receives $980 per month while

3

immigrants are given government benefits that he believes they should not receive. Restricting rights and aid given to immigrants would have no direct effect on Plaintiff or his financial situation. The funds in question would simply return to the Treasury to be used in other programs or expenditures, which may or may not benefit Plaintiff. He has not presented an actual case or controversy and lacks standing to bring this case.

Finally, even if Plaintiff could establish standing to bring this action, the President of the United States has absolute immunity from civil damage actions arising out of the execution of official duties of office. *Clinton v. Jones*, 520 U.S. 681, 687 (1997) (citing *Nixon v. Fitzgerald*, 457 U.S. 731 (1982)). To the extent that Plaintiff's assertions can be credited to President Biden, they are related to the execution of his official duties of the office of President. Regardless of Plaintiff's agreement or disagreement with his decisions, President Biden is absolutely immune from suits for civil damages.

For the foregoing reasons, good cause appearing, it is

ORDERED that this action be, and the same hereby is, dismissed pursuant to 28 U.S.C. § 1915(e); and it is

FURTHER ORDERED that Plaintiff's Motion for Discovery and Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Doc. 4) be, and the same hereby is, DENIED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                                             s/ *James R. Knepp II*
                                                           UNITED STATES DISTRICT JUDGE

                                                           Dated: June 7, 2024